United States District Court
Southern District of Texas
**ENTERED**
January 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT           SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Charles Al-Pine,<br>    Petitioner,<br><br>v.<br><br>Mary Beth Cody,<br>    Respondent, | § § § § § § § § § § | Civil Action H-18-2792 |

## Memorandum and Recommendation

Charles Al-Pine, also known as Charles Alpine, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2007 conviction for aggravated assault with a deadly weapon. (D.E. 1, 12.) The petition has been referred to this magistrate judge for report and recommendation. (D.E. 8.) The court recommends that Al-Pine's petition be dismissed as successive.

Alpine's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEPDA provides that "[a] claim presented in a second or successive application that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Alpine has a long history of filing unauthorized successive habeas petitions and frivolous civil lawsuits. *See Alpine v. Stephens*, No. 12-20675 (5th Cir. June 5, 2013) ("We have previously sanctioned Alpine a total of $300, but he has not yet been dissuaded from attempting to avoid statutory requirements intended to curb frivolous filings."); *In re Al-Pine*, No. 12-20005 (5th Cir. Feb. 9, 2012) ("Al-Pine is no stranger to this court."); *In re Al-Pine*, No. 11-20865 (5th Cir. Feb. 9, 2012) ("This court has repeatedly warned Al-Pine that the filing of frivolous, repetitive, or otherwise abusive pleadings in the future would invite sanctions."). In 2013, the Fifth Circuit Court of Appeals ordered an additional sanction of $500 against Alpine and precluded him from filing federal habeas lawsuits unless he first obtains leave of

the federal court and pays the sanctions. *Alpine v. Stephens*, No. 12-20675 (5th Cir. 2013).

Alpine has not paid the sanctions imposed by the Fifth Circuit, and he has not been granted leave to pursue this lawsuit. To the extent he is requesting leave from this court to pursue this lawsuit, it is recommended that the request be denied. It is also recommended that the lawsuit be dismissed without prejudice because it is barred by the Fifth Circuit Court of Appeals's 2013 preclusion order against Alpine. *Alpine*, No. 12-20675.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on January 7, 2019.

Peter Bray
United States Magistrate Judge